KAMALA D. HARRIS
Attorney General of California
FELIX E. LEATHERWOOD
W. DEAN FREEMAN
Supervising Deputy Attorneys General
ELISA B. WOLFE-DONATO, State Bar No. 120357
Deputy Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1256
Telephone: (213) 897-0633
Fax: (213) 897-5775
E-mail: Elisa.Wolfe@doj.ca.gov
*Attorneys for Defendant*
*Selvi Stanislaus*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – SPRING STREET COURTHOUSE

| | |
|---|---|
| **DENISE ELIZABETH,**<br><br>Plaintiff,<br><br>**v.**<br><br>**TIMOTHY FRANZ GEITHNER and SELVI STANISLAUS,**<br><br>Defendants. | Case No. 2:12-CV-07719-CAS-VBK<br><br>**NOTICE OF MOTION and MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION and FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br>[FRCP Rules 12(b)(1), 12(b)(6)]<br><br>Hearing on Motion<br>Date: Monday, December 10, 2012<br>Time: 10:00 A.M.<br>Courtrm: 5 (room 218-J; 2nd floor)<br>Judge: Hon. Christina A. Snyder<br>Trial Date: n/a<br>Case Filed: September 10, 2012 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD (IF ANY):

PLEASE TAKE NOTICE THAT on **Monday, December 10, 2012, at 10:00 A.M.**, or as soon thereafter as the matter may be heard by the Honorable Christina A. Snyder, Judge of the United States District Court, Central District of California, Western Division, in Courtroom 5 of the United States Courthouse, located at 312 North Spring Street, Los Angeles, California 90012-4701, defendant SELVI STANISLAUS (the Executive Officer of the California Franchise Tax Board) will ask, and hereby does ask, on behalf of herself and the California Franchise Tax Board, that this Court dismiss this action pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6), because (i) the District Court lacks subject matter jurisdiction, and (ii) plaintiff has failed to state a claim upon which relief can be granted.

The grounds for this motion are these:

1. **NO SUBJECT MATTER JURISDICTION (Rule 12(b)(1)) –** The federal Tax Injunction Act (28 U.S.C. § 1341) prohibits this Court from (i) obtaining subject matter jurisdiction over plaintiff's allegations pertaining to any disagreement over her state income tax liability, and (ii) issuing the injunctive relief requested, or any other form of relief, as to California state tax matters regarding plaintiff.

2. **NO SUBJECT MATTER JURISDICTION (Rule 12(b)(1)) –** The Eleventh Amendment to the United States Constitution provides sovereign immunity to the various States, and accordingly, to governmental entities of the States. In instances involving requests for monetary relief or retrospective injunctive relief, this immunity also extends to state government officials. The State of California, and more particularly, the California Franchise Tax Board ("**FTB**"), have not consented to being sued in federal court: not in general, and not in this particular case. Additionally,

to the extent that plaintiff seeks monetary relief or retrospective injunctive relief (rather than prospective injunctive relief), the District Court has no subject matter jurisdiction over FTB or an FTB official in this lawsuit.

3. **NO IDENTIFIABLE CAUSE OF ACTION (Rule 12(b)(6)) –** Plaintiff's complaint does not set forth facts sufficient to support a claim upon which relief can be granted. Specifically: (A) plaintiff's complaint consists of incomprehensible gibberish; if a defendant were required to answer this complaint, said defendant would be forced to guess what plaintiff is trying to allege; (B) to the extent that any allegations in plaintiff's complaint can be understood, plaintiff has not stated facts sufficient to give rise to an identifiable cause (or causes) of action.

The grounds for this motion are more fully set forth in the supporting memorandum of points and authorities, which follows this notice.

This motion will be based on plaintiff's "Counter Complaint" involving "Libel of Review;" "common law counterclaim in admiralty; "notice lis pendens;" and "verified statement of right" regarding "God-given unalienable rights in the original estate – Article III; Constitution" [hereinafter **"COMPLAINT"**]; on this notice of motion and the accompanying memorandum of points and authorities in support thereof; the pleadings and papers on file herein; and such other matters as may properly come before this court.

Defendant Selvi Stanislaus makes this motion following an attempt to discuss its legal basis with plaintiff in pro per. L.R. 7-3. Counsel for Ms. Stanislaus left voicemail for plaintiff on November 7, 2012. At the time of this filing, plaintiff has not returned the phone call, and no actual conference has occurred.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local District Court Rule 7-9, you must serve upon the undersigned and file with the above-entitled Court your formal response to the above motion not later than 21 days prior to the hearing date, and that, pursuant to Local District Court Rule 7-12, your failure to timely serve and file your formal response may be deemed by the Court to be your consent to the granting of the above motion.

Dated: November 7, 2012

KAMALA D. HARRIS
Attorney General of the State of California
FELIX E. LEATHERWOOD
W. DEAN FREEMAN
Supervising Deputy Attorneys General

/s/ Elisa B. Wolfe-Donato .

ELISA B. WOLFE-DONATO
Deputy Attorney General
*Attorneys for Defendant*
*SELVI STANISLAUS*

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

**INTRODUCTION**

Notwithstanding its unintelligible allegations, the instant action violates the federal Tax Injunction Act and the sovereign immunity provisions of the Eleventh Amendment. Therefore, this Court has no subject matter jurisdiction to hear or decide plaintiff's cause of action, as to the State of California or its agencies or officers. Accordingly, this case must be dismissed with prejudice as to defendant Selvi Stanislaus, the Executive Officer of the California Franchise Tax Board.

**STATEMENT OF FACTS**

In the instant action, plaintiff – who identifies herself as "Denise Elizabeth of the LAM family" – has sued Timothy Franz Geithner, the current United States Secretary of the Treasury, and Selvi Stanislaus, the current Executive Officer for the California Franchise Tax Board. [Complaint, p. 1.] Plaintiff is apparently suing them in their official capacities, although she never expressly states this. [Complaint, p. 3 (PACER version, Docket No. 1): reference to "Commissioner for the Franchise Tax Board."]

Plaintiff has labeled her complaint this way:

Counter Complaint
**Libel of Review**
– common law counterclaim in admiralty –
– notice lis pendens and –
– verified statement of right –
Re: God-given unalienable rights in the
Original estate – Article III; Constitution

[Complaint, p. 1.]

The body of the instant complaint is largely incomprehensible, and does not seem to relate to the aforementioned description. To the extent plaintiff's allegations can be understood, however, plaintiff seems to be contesting her state and federal income tax liabilities. To that end, plaintiff vaguely alleged that:

> Timothy Franz GEITHNER and Selvi STANISLAUS have been making false claims … [Complaint, p. 1.]

Then, as to the California Franchise Tax Board ["**FTB**"], plaintiff wrote that:

> Denise Elizabeth's proper and honest filing for a state income tax refund was met with Selvi STANISLAUS coercing and threatening Denise by doubling the taxable income amount for the 2011 tax year and making demands for immediate payment of the doubled amount instead of honoring that Denise is owed a full refund of withholdings because she was demanding lawful money for the entire tax year. [Complaint, p. 4 (PACER version, Docket No. 1).]

Pertaining to the above-quoted language, plaintiff has omitted salient facts about her purported request for a state income tax refund. For example, she has not identified the year(s) for which she requested a state tax refund, or the associated dates to show her request was timely, or the factual or legal basis for her refund request, or whether she paid the year's assessed liability in full[1], or the response of the FTB, or other facts showing the exhaustion of administrative remedies. Cal. Rev. & Tax. Code, §§ 19301, et seq.; 19382; 19384.

Regarding her desired remedy herein, plaintiff has merely stated that, "This case is repository for evidence for injunctive relief from any future presentments and theft or kidnap actions from any foreign agents or

---

[1] Plaintiff's complaint includes several exhibits showing that plaintiff has unpaid state income tax liabilities for multiple tax years, including 2009, 2010, and 2011. [Complaint, pp. 13, 17, 20, 25.]

principals. [Complaint, p. 5 (PACER version, Docket No. 1).] No further prayer specifications are included.

## STATEMENT OF THE CASE

On September 10, 2012, plaintiff initiated this action by filing the instant complaint.

On October 17, 2012, plaintiff served the complaint on the California Franchise Tax Board ["**FTB**"]. Ms. Stanislaus does not know whether defendant Geithner has been served.

Plaintiff has NOT served FTB with her subsequent filings or notices from this Court. Ms. Stanislaus knows of them only because of the availability of PACER.

## ARGUMENT

Defendant Stanislaus moves to dismiss the instant complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, because the lawsuit is barred on three primary grounds: (1) the federal Tax Injunction Act (28 U.S.C. § 1341); (2) the sovereign immunity provisions of the Eleventh Amendment to the United States Constitution; and (3) incomprehensibility and the lack of any articulated, intelligible cause of action.

### I.

### THE FEDERAL TAX INJUNCTION ACT DEPRIVES THIS COURT OF SUBJECT MATTER JURISDICTION

The federal Tax Injunction Act, 28 U.S.C. §1341, bars federal district court subject matter jurisdiction over any action to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The Tax Injunction Act's

primary purpose is to prevent federal judicial interference in state tax collection, a matter demanding comity to state law and procedure. *Jerron West, Inc. v. State Bd. of Equalization*, 129 F.3d 1334, 1338 (9th Cir. 1997). The federal Tax Injunction Act serves as a broad bar to federal court jurisdiction over state tax administration and collection matters. *Id.*; *Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821, 825-826, 117 S. Ct. 1776, 138 L. Ed. 2d 34 (1997).

Because of its important purpose and the imperative public policy considerations underlying it, the Tax Injunction Act is broadly construed. *Berry v. Alameda Board of Supervisors*, 753 F.Supp. 1508, 1511 (N.D. Cal. 1990). Thus, despite the absence of explicit authorizing language, the Act applies to injunctive or declaratory relief actions, as well as to standard or de facto tax refund cases. *California v. Grace Brethren Church*, 457 U.S. 393, 408, 102 S. Ct. 2498, 73 L. Ed. 2d 93 (1982).

Illustrating the broad application of the Tax Injunction Act, the Ninth Circuit has applied the Tax Injunction Act as a bar to monetary damages actions, to preserve the Act's full effect. *Marvin F. Poer & Co. v. Counties of Alameda*, 725 F.2d 1234, 1236 (9th Cir. 1984). The Tax Injunction Act also applies to civil rights actions under section 1983. *Comenout v. State of Washington*, 722 F.2d 574, 577 (9th Cir. 1983); *Mandell v. Hutchinson*, 494 F.2d 364, 366 (9th Cir. 1974).

## A. THE NINTH CIRCUIT FOCUSES ON REDUCED FLOW OF REVENUE.

In determining whether the Tax Injunction Act's jurisdictional bar applies in any given case, the Ninth Circuit has concluded that the dispositive question is whether a plaintiff's action, if successful, would reduce the flow of state tax revenue. *May Trucking Co. v. Or. Dep't of Transp.*, 388 F.3d 1261, 1267 (9th Cir. 2004) (citing *Hibbs v. Winn*, 542 U.S. 88, 106, 124 S. Ct. 2276, 159 L. Ed. 2d 172 (2004)). An examination of this test, in light of the alleged facts (such as they are), shows the Tax Injunction Act applies to this case and bars subject matter

jurisdiction herein. If Ms. Stanislaus is enjoined from requesting that plaintiff pay her state income tax liability and/or pursuing collection activity as to plaintiff, then the flow of income tax funds from plaintiff to the state will be reduced. The federal Tax Injunction Act seeks to prevent this precise type of result, i.e., district court rulings which restrain the assessment or collection of a tax. In fact, this type of tax avoidance litigation is the archetypical action the Tax Injunction Act carves out of federal jurisdiction.

Plaintiff surely will argue that this case is not a tax matter, but rather, some other arcane legal action. However, it does not matter how plaintiff has framed her action. If the effect of the suit would be to impair tax collection, it is barred:

> "It is well established that the applicability of [California Constitution article XIII] section 32 does not turn on whether the action at issue specifically seeks to prevent or enjoin the collection of a tax. Instead, the provision bars 'not only injunctions but also a variety of prepayment judicial declarations or findings which would impede the prompt collection of a tax.' [Citation.] The relevant issue is whether granting the relief sought would have the effect of impeding the collection of a tax." *California Logistics, Inc. v. State of California*, 161 Cal.App.4th 242, 247-248 (2008); *accord, Hibbs v. Winn*, 542 U.S. at 106-07 (focusing on cases in which state taxpayers seek to avoid paying state taxes, and in which the taxpayers' subsequent success would reduce the flow of state tax revenue).

Because the alleged facts satisfy the Ninth Circuit's test on diminution of state tax revenue, the federal Tax Injunction Act is invoked here and deprives the District Court of subject matter jurisdiction. Accordingly, this entire case must be dismissed as to Ms. Stanislaus.

**B. CALIFORNIA PROVIDES A PLAIN, SPEEDY, EFFICIENT REMEDY.**

The U.S. Supreme Court and the Ninth Circuit have long held that California provides its taxpayers with "plain, speedy and efficient" remedies for tax disputes. *Franchise Tax Bd. of California v. Alcan Aluminum*, 493 U.S. 331, 338, 110 S. Ct. 661, 107 L. Ed. 2d 696 (1990); *Capitol Industries-EMI, Inc. v. Bennett*, 681 F.2d 1107, 1113-1114 (9th Cir. 1982); *California v. Grace Brethren Church*, 457 U.S. at 413-417. *Also see* Cal. Const., art. XIII, § 32; Cal. Rev. & Tax. Code, §§ 19301, 19382, 19384. Because California provides plaintiff with an adequate remedy within the meaning of the Tax Injunction Act, said Act bars the instant action against FTB's Executive Officer, Selvi Stanislaus.

Pertaining to the available, adequate state remedy, plaintiff has not exhausted her state administrative remedies, or even alleged such exhaustion. Plaintiff's failure to exhaust her state administrative remedy provides further cause to dismiss this case for lack of jurisdiction. *Kelly v. Springett*, 527 F.2d 1090, 1094 (1990).

**C. THE TAX INJUNCTION ACT REQUIRED DISMISSAL OF IDENTICAL CASES.**

As it turns out, a number of plaintiffs have mounted similar lawsuits with nearly identical language. The provisions of the Tax Injunction Act has required the dismissal of each of these cases. E.g., *Paul v. Lay*, 2010 U.S. Dist. LEXIS 63157 (ED NC 2010).

The conclusion is undeniable: the federal Tax Injunction Act is fatal to plaintiff's entire lawsuit; accordingly, plaintiff's action must be dismissed with prejudice.

## II.

## THE ELEVENTH AMENDMENT TO THE U.S. CONSTITUTION ALSO IMPOSES A JURISDICTIONAL BAR TO THE INSTANT LAWSUIT

Given the absolute bar imposed by the Tax Injunction Act, there perhaps is no need to consider other grounds for the dismissal of this case. However, in an abundance of caution, Ms. Stanislaus will offer some additional arguments.

The Eleventh Amendment of the United States Constitution provides that "[t]he judicial power of the United States shall not extend to any suit in law or equity commenced or prosecuted against one of the United States by the citizens of another state or subjects of any foreign state." Under this "sovereign immunity" afforded by the Eleventh Amendment, "an unconsenting State is **immune** from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446, 124 S. Ct. 1905, 158 L. Ed. 2d 764 (2004); *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890); *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Mitchell v. Franchise Tax Board*, 209 F.3d 1111, 1115-1116 (9th Cir. 2000); *College Savs. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd*., 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999).

Stated differently, the Eleventh Amendment is a **jurisdictional bar** to a suit brought by parties against a State or its agencies without giving express consent to be sued. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54, 116 S. Ct. 114, 134 L. Ed. 2d 252 (1996); *Belanger v. Madera Unified School Dist*., 963 F.2d 248, 250 (9th Cir. 1992); *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd*., 527 U.S. 666, 669-670, 675-676 (1999); *Alden v. Maine*, 527 U.S. 706, 712-713, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999); *Natural Resources Defense Counsel v. Calif DOT*, 96 F.3d 420, 421 (9th Cir. 1996).

The Eleventh Amendment's bar is broad. Because sovereign immunity is an immunity from ***suit***, a State is entitled to the Eleventh Amendment's protection, regardless of the relief requested against it. *Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U. S. 743, 765, 122 S. Ct. 1864, 152 L. Ed. 2d 962 (2002).

**A. <u>THE ELEVENTH AMENDMENT APPLIES TO TAX AVOIDANCE SUITS</u>.**

The Eleventh Amendment is a valid defense here, even though this suit is against Ms. Stanislaus, rather than FTB. In its opinion in *Regents of the University of California v. Doe*, 519 U.S. 425, 429, 117 S. Ct. 900, 137 L. Ed. 2d 55 (1997), the United States Supreme Court held that, in the Eleventh Amendment, "the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as a defendant, but also certain actions against state agents and state instrumentalities." It is well established that even if a State itself is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment.

Carrying that concept one step further, in *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S. Ct. 347, 89 L. Ed. 389 (1945), the U.S. Supreme Court held:

> When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.

*Also see Harris v. Pennsylvania Turnpike Commission*, 410 F.2d 1332, 1336 (3rd Cir. 1969), cert. denied, 396 U.S. 1005 (1970).

Although this suit is not clearly one seeking money from the state, there is another monetary perspective: tax avoidance. Given the tax-avoidance motive behind plaintiff's suit, it is appropriate to consider this case from a tax viewpoint.

The upshot of a tax-based view: absent a clear declaration of a State's consent to be sued in federal courts, a federal court lacks jurisdiction to hear a State taxpayer's claim against her State or her State's taxing authority. *Kennecott Copper Corp. v. State Tax Commission*, 327 U.S. 573, 577, 579-580, 66 S. Ct. 745, 90 L. Ed. 862 (1946); *V.O. Motors, Inc. v. California State Board of Equalization*, 691 F.2d 871, 872 (9th Cir. 1982); *In re Mitchell*, 209 F.3d 1111, 1115-1118 (9th Cir. 2000) (upholding FTB's and State Board of Equalization's assertions of Eleventh Amendment immunity against bankruptcy adversary proceeding complaint to determine dischargeability of debt and for federal civil rights violations). A State has the right "to reserve for its courts the primary consideration and decision of its own tax litigation because of the direct impact of such litigation upon its finances." *Kennecott* at 577.

The foregoing sovereign immunity analysis requires that this case must be dismissed.

**B. RETROSPECTIVE RELIEF IS NOT PERMITTED UNDER EX PARTE YOUNG.**

Even if this case were somehow allowed to proceed, the *Ex parte Young* exception to the sovereign immunity doctrine allows a federal court to issue only **prospective** injunctive relief against a state official sued in his official capacity. *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). Here, because plaintiff's complaint is incomprehensible, it is not clear stated that plaintiff intended to sue Ms. Stanislaus in her official capacity, or that plaintiff seeks solely retrospective relief; both would be necessary for plaintiff to avoid a sovereign immunity defense. *Muscogee (Creek) Nation v. Oklahoma Tax Comm.*, 611 F.3d 1222, 1232-1233 (10th Cir. 2010) (the complaint must allege an ongoing violation of federal law in order to warrant prospective relief; a request for the return of seized items is retrospective relief); *Baxter v. Daughtery*, 74 Fed.R.Serv.3d (Callaghan) 988, 13 (E.D. Ky. 2009) (plaintiff sought retrospective relief, i.e., a

declaratory judgment that defendants' past actions violated her constitutional rights); *Green v. Mansour*, 474 U.S. 64, 67-73, 106 S. Ct. 423, 88 L. Ed. 2d 371 (1985) (improper to issue declaratory relief in the absence of a continuing violation of federal law)).

Because the instant complaint does not allege official capacity or continuing violations of federal law, and does not allege that it seeks only retrospective relief, it does not fall within the *Ex parte Young* exception to sovereign immunity. Therefore, for these reasons, this action must be dismissed as to Ms. Stanislaus.

**III.**

**PLAINTIFF FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A COGNIZABLE CAUSE OF ACTION**

To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556 (2007)).

A complaint full of gibberish does not meet this basic legal standard. An incomprehensible complaint forces a defendant to guess about the allegations. Hence, unintelligibility creates a due process issue; where incoherent pleading "renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). Therefore, this action must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**CONCLUSION**

Based upon the foregoing reasons, defendant SELVI STANISLAUS respectfully asks the federal District Court to grant her motion to dismiss, and to dismiss the complaint with prejudice for failure to state a claim upon which relief can be granted, and/or for a lack of subject matter jurisdiction.

Dated: November 7, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
FELIX E. LEATHERWOOD
W. DEAN FREEMAN
Supervising Deputy Attorneys General

/s/ Elisa B. Wolfe-Donato .

ELISA B. WOLFE-DONATO
Deputy Attorney General
*Attorneys for Defendant Selvi Stanislaus*

## CERTIFICATE OF SERVICE

Case Name: **Denise Elizabeth v. Timothy Franz Geithner, et al.** No. **CV12-7719-CAS (VBKx)**

I hereby certify that on November 7, 2012, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On **November 7, 2012**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Denise Elizabeth Lam**
**622 South Broadway, Apt. 5**
**Redondo Beach, CA 90277-4207**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 7, 2012**, at Los Angeles, California.

| Evelyn Mendoza | Evelyn Mendoza |
|---|---|
| Declarant | Signature |

45541130-la2012507998
51189505