ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
JAMES C. HUGHES (CA SBN 263878)
Assistant United States Attorney
    Room 7211 Federal Building
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone: (213) 894-4961
    Facsimile: (213) 894-0115
    Email: james.hughes2@usdoj.gov

Attorneys for Defendant, the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DENISE ELIZABETH,<br><br>    Plaintiff,<br><br>vs.<br><br>TIMOTHY FRANZ GEITHNER, et al.,<br><br>    Defendants. | Case No. CV12-7719 CAS (VBKx)<br><br>UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULES 8 AND 12 OF THE FED. R. CIV. P.<br><br>Hearing:<br>January 14, 2013, at 10 a.m.<br>Courtroom 5 (Room 218-J; 2nd Floor)<br>Federal Courthouse<br>312 North Spring Street,<br>Los Angeles, California<br><br>Judge Christina A. Snyder |

    The United States of America (erroneously named in this action through its agent, Timothy Franz Geithner), by and through its undersigned counsel, hereby submits this memorandum in support of its motion (1) to dismiss plaintiff's complaint for lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)); (2) to dismiss for failure to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6); (3) to dismiss for failure to properly serve the United States (Fed. R.

Civ. P. 12(b)(5)); and for failure to provide the Court with a short and plain statement of both the grounds for the Court's jurisdiction and the claim showing that the pleader is entitled to relief (Fed. R. Civ. P. 8(a)).

Plaintiff's Libel of Review is largely indecipherable and offers little guidance as to the circumstances giving rise to this suit.  As explained more fully below, defects in both the substance and service of the complaint render the pleading defective on its face, and therefore subject to dismissal by the Court.

**I. Lam's Filings with the Court**

On September 10, 2012, Denise Elizabeth Lam ("Lam") filed a document captioned "Denise Elizabeth v. Timothy Franz Geithner and Selvi Stanislaus" and entitled:

> Libel of Review
> - common law counterclaim in admirality
> - notice of lis pendens and –
> - verified statement of right-
> Re: God-given unalienable rights in the
> original estate – Article III; Constitution

The ensuing pleading is a largely nonsensical series of accusations levied against federal and state tax authorities.  Lam accuses Timothy Franz Geithner, the current Secretary of the Treasury, and Selvi Stanislaus, the current Executive Officer of the California Franchise Tax Board, of "denying [Lam's] right to demand lawful money and interfering with [Lam's] redemption from the elastic currency system of the Federal Reserve."[1]  With respect to Mr. Geithner in particular, Lam alleges that he has sent her letters threatening "a $5K frivolous tax penalty."[2]  Lam appears to dispute her liability for this penalty, and indeed income taxes in general, claiming that "[t]his presumption of liability…is erroneous and based upon endorsements of private credit from the Federal Reserve that have

---

[1] Libel of Review at 3
[2] Id.

never been made in good faith."³ Appended to the Complaint is a letter issued to Lam on August 8, 2012 by the Internal Revenue Service ("IRS") informing her that the document she has filed as her return for the 2011 taxable year constitutes a frivolous filing, potentially subjecting her to a $5,000.00 penalty under I.R.C. § 6702.

On September 20, 2012, Lam filed a document with the Court entitled "Notice of Claim and Abatement."⁴ This document is comprised of a IRS Form 843, Claim for Refund and Request for Abatement, prepared by Lam and dated September 20, 2012. In this claim Lam requests the refund of federal and state income tax withholdings in the amounts of $6,674.22 and $1,838.36 respectively for the 2011 taxable year. Lam further requests that a "pending frivolous claim" in the amount of $5,000.00 be abated.

On October 24, 2012, Lam filed an additional document with the Court entitled "Notice of Refusal for Cause of Penalty Charge and Intent to Offset Federal Payments."⁵ Included with this document is a letter issued to the plaintiff by the Internal Revenue Service dated October 29, 2012 (this appears to be an error) informing Lam that she has been assessed a frivolous filing penalty for the 2011 taxable year.

Lams' Libel of Review offer little discernible information regarding the relief sought from the Court. In her own words, Lam claims that "[t]his case is a repository for evidence for injunctive relief from any future presentments and theft or kidnap actions from any foreign agents or principals."⁶ To the extent that any meaning may be parsed from this statement, Lam appears to seek to enjoin the IRS and California Franchise Tax Board from any future efforts to assess and collect her tax liabilities. Lam's subsequent filings indicate an additional intention to seek

---

³ Id.
⁴ Docket No. 5
⁵ Docket No. 7
⁶ Libel of Review at 4

the refund of federal and state income taxes purportedly withheld for her 2011 taxable year, as well as the abatement of the frivolous filing penalty assessed by the IRS for the same year. However, Lam has made no effort to amend her pleadings to bring this issue before the Court, or as set forth below, to establish that this Court has subject matter jurisdiction.

**II.   The United States, not Timothy Geithner, is the proper party to the suit.**

Lam is apparently suing Geithner because he is the Secretary of the Treasury. For example, on the first page of her complaint, Lam lists Geithner together with Henry Paulson and John Snow who are both former Treasury secretaries.[7] Additionally, the description of Lam's cause of action on the third page of the complaint and the appended correspondence with the Internal Revenue Service all indicate that the complaint somehow pertains to taxes. The Government is unable to discern anything in the complaint suggesting a claim against Geithner individually.

Neither the Treasury Secretary in his official capacity nor the Treasury Department may be sued in their own name.[8] The United States is the proper party to suits involving claims against these entities.[9]

**III.   The Court does not have subject-matter jurisdiction.**

Federal courts are courts of limited jurisdiction.[10] They possess only that power granted by the Constitution and Congress.[11] The Supreme Court said in

---

[7] See the Treasury Department's website at the "About" section: http:www.treasury.gov/about/history/Pages/edu_history_secretary_index.apx.
[8] *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (naming individual IRS officers does not keep action from being suit against the United States); *Devries v. Internal Revenue Service*, 359 F.Supp. 2d 988, 991-92 (E.D. Cal. 2005).
[9] *Gilbert*, 756 F.2d at 1458; *Devries*, 359 F.Supp. 2d at 991-92.
[10] *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).
[11] *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

*Kokkonen v. Guardian Life Insurance Co. of America* that "it is to be presumed that a cause lies outside this limited jurisdiction [of federal courts], and the burden of establishing the contrary rests upon the party asserting jurisdiction."[12]

### A. Lam makes no showing that the Government has waived its sovereign immunity.

Because the United States is protected from suit by sovereign immunity, in any action against the United States–in addition to a general grant of subject matter jurisdiction–the United States must waive its sovereign immunity as explained by the Ninth Circuit in *Powelson v. United States*.[13] Only congress may waive sovereign immunity and establish the terms under which the United States may be sued.[14] As stated by the Ninth Circuit in *Dunn & Black, P.S., v. United States*, waivers of sovereign immunity are strictly construed.[15] According to *Powelson*, the absence of a waiver of sovereign immunity is not merely a defense, but a "jurisdictional bar" to the action.[16] And the Ninth Circuit has clarified that this jurisdictional bar cannot be avoided merely by naming officers of the United States as defendants.[17]

The party seeking to establish a waiver of sovereign immunity has the burden to show that sovereign immunity has been unequivocally waived.[18] While complaints written by *pro se* plaintiffs may be more liberally construed than those

---

[12] *Id.* (citations omitted).
[13] 150 F.3d 1103, 1104-05 (9th Cir. 1998). *See also United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L. Ed. 2d 548 (1990).
[14] *Army & Air Force Exchange Serv. V. Sheehan*, 456 U.S. 728, 734, 102 S. Ct. 2118, 72 L.Ed. 2d 520 (1982); *Dunn & Black, P.S., v. United States*, 492 F.3d 1084, 1090 (9th Cir. 2007).
[15] 492 F.3d at 1088.
[16] *Powelson*, 150 F.3d at 1104 (*quoting* 16 James Wm. Moore et al., *Moore's Federal Practice*, ¶ 105.21 (3d ed. 1998)).
[17] *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982).
[18] *See Dunn & Black*, 492 F.3d at 1088.

written by lawyers,[19] a plaintiff's pro se status does not expand the jurisdictional reach of the Court.[20] Plaintiff must still establish facts showing that the Court has jurisdiction to adjudicate her complaint.

Lam's libel of review is peppered with citations to statutes covering topics ranging from the registration of foreign propagandists (22 U.S.C. § 611) to maritime embezzlement and theft (18 U.S.C. §661).[21] Noticeably absent from Lam's litany of authority is a statute providing for the waiver of sovereign immunity necessary to bring an action against the United States. While on page 5 of her complaint Lam asserts that "[t]here is no governmental immunity to cover 'law enforcement officers' who choose to interfere with our rights to the land" and says that "violators will be arrested by the U.S. Marshall[,]" she cites no act of Congress in support of these assertions. Ultimately, Lam does not so much as mention the term *sovereign immunity*. Thus, Lam has failed to establish that Congress has waived sovereign immunity and, as a consequence, she has failed to establish that the Court has subject-matter jurisdiction over the instant action.

In *Ruiz v. United States,* the District Court dismissed a similar action against Timothy Geithner in which the plaintiff also captioned his document "Libel of Review – common law counterclaim in admiralty – [etc., etc.]" because, among other reasons, the plaintiff had failed to show a waiver of sovereign immunity.[22] In *Keith v. Everson*, involving a similar "counterclaim – in admiralty [etc., etc.]," the

---

[19] *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987).
[20] *See, e.g., Pryor v. United States,* 85 Fed. Cl. 97, 102-03 (Fed. Cl. 2008) ("the leniency afforded pro se litigants with respect to mere formalities does not relieve them of the burden to meet jurisdictional requirements").
[21] Libel of Review at 2.
[22] 104 A.F.T.R. 2d 2009-6832, 2009 WL 3232160, *1-3 (S.D. Cal. 2009). *See Also Keith v. Everson*, 94 A.F.T.R. 2d 2004-6530, 2004 WL 2601073 (D. Nev. 2004); *Holman v. Paulson,* 2009 WL 1465461 (E.D.N.C. 2009).

court noted that similar "nonsensical" complaints have been filed by several plaintiffs and been dismissed."[23]

### B. Documents subsequently filed with the Court are insufficient to establish a waiver of sovereign immunity

In addition to her Libel of Review, plaintiff has also filed a document with the Court entitled Notice of Claim and Abatement. Appended to this document is an administrative refund claim prepared by Lam and dated September 20, 2012. While this "notice" is not a part of the complaint, the contents of said filing indicate that Lam may view the instant action as a suit for the refund of taxes she believes to have been erroneously collected by the IRS. If such is the case, the allegations contained in Lam's Libel of Review fall well short of what is necessary to establish the Court's jurisdiction.

Under 28 U.S.C. §1346(a)(1) the district courts possess original jurisdiction over claims against the United States for the recovery of taxes alleged to have been erroneously assessed or collected. However, this waiver of sovereign immunity is limited by 26 U.S.C. § 7422, which provides that such proceedings may not be maintained in any court "until a claim for refund or credit has been *duly filed* with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance therefore." (Italics added.)

A duly filed administrative refund claim must contain a written declaration, made under penalty of perjury, detailing the grounds upon which a credit or refund is claimed and facts "sufficient to apprise the Commissioner of the exact basis

---

[23] 2004 WL 2601073 (citing *Monroe v. Schneider*, 2004 WL 2110697 (D. OR. 2004); *Leroy v. Matthews*, 2004 WL 848189 (D. OR. 2004); *Gookhee v. Caisse*, 2004 WL 1196666 (D. OR. 2004); *Evans v. Firth*, 2004 WL 1379458 (D. Or. 2004); Ray v. Lowder, 2003 WL 695924 (M.D. Fla. 2003)).

thereof."[24] Such claim must also be timely filed in accordance with I.R.C. § 6511(a) which provides, in relevant part:

> [A] claim for credit of refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

Lam's Libel of Review contains none of the allegations necessary to establish the jurisdictional prerequisites for a refund suit against the United States. Lam provides no information regarding the date her claim was filed, the nature and amount of such claim, or the grounds upon which said claim was based. Indeed, she fails even to mention whether she has filed a refund claim with the IRS in the first instance, or whether she now seeks the refund of any amounts alleged to have been collected by the IRS. The fact that some of this information may be extracted or inferred from miscellaneous documents subsequently filed with the Court is irrelevant in assessing the sufficiency of the pleadings. Accordingly, to the extent the allegations in the Libel of Review may be reasonably viewed as a claim for refund, Lam has failed to meet her burden of showing an unequivocal waiver of immunity by the Government.

**C.     The Court lacks jurisdiction to issue injunctions to restrain the assessment or collection of taxes against Lam.**

Section 7421 of the Internal Revenue Code is known as the Anti-Injunction Act. It provides that, subject to specified exceptions, "no suit for the purpose restraining collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." According to the Supreme Court in *Bob Jones University v. Simon,* the principal

---

[24] 26 C.F.R. §301.6402-2(b)(1); *Quarty v. United States,* 170 F.3d 961, 972 (9th Cir. 1999).

purpose of the Act is to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference" and to require that disputes over tax amounts be determined in refund suits.[25]

According to the Ninth Circuit in *In re J.J. Re-Bar Corp.*, it is the Ninth Circuit's "general rule that the Anti-Injunction Act 'precludes federal jurisdiction' over actions seeking to enjoin the IRS's tax collection efforts."[26] In *Maxfield v. United States Postal Service*, the Ninth Circuit said that the Anti-Injunction Act is "strictly enforced."[27] If the taxpayer does not show that her suit is within a statutory or judicial exception, "the district court lacks subject matter jurisdiction and must dismiss the complaint" according to the Ninth Circuit in *Jensen v. Internal Revenue Service*.[28] The judicially-created exception to the Anti-Injunction Act was specified by the Supreme Court in *Enochs v. Williams Packing & Navigation Co.*,[29] and requires that the taxpayer show that (1) under no circumstance can the Government ultimately prevail on the merits and (2) the taxpayer will suffer irreparable injury without injunctive relief.[30] Unless both conditions are met, the Supreme Court in *Alexander v. "Americans United" Inc.* directed that "a suit for preventative injunctive relief must be dismissed."[31]

Here, Lam apparently requests injunctive relief as reflected in her statement that "[t]his case is a repository for evidence injunctive relief from any future presentments and theft or kidnap actions from any foreign agents or principals." Yet she has failed to address the Anti-Injunction Act in her "Libel of Review" or

---

[25] 416 U.S. 725, 736, 94 S.Ct. 2038, 40 L.Ed. 2d 496 (1974).
[26] 644 F.3d 952, 955 (9th Cir. 2011) (*Quoting Hansen v. Dep't of Treasury*, 528 F.3d. 597, 601 (9th Cir. 2007)).
[27] 752 F.2d. 433, 434 (9th Cir. 1984).
[28] 835 F.2d 196, 198 (9th Cir. 1987).
[29] 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).
[30] *Bob Jones University*, 416 U.S. at 737.
[31] 416 U.S. 752, 758, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974).

make any effort to show how she comes within the statutory exceptions or the strict requirements of *Enochs v. Williams Packing*. And so, to the extent she requests the Court to enter injunctive relief, Lam's suit must be dismissed as required by the Supreme Court's decision in Alexander.

### IV. Lam has not properly served the United States

To serve the United States, a plaintiff must (1) serve the United States Attorney for the district where the action is brought, (2) serve the Attorney General by registered or certified mail, and (3) if the action challenges an order of a non-party agency or officer of the United States, serve the agency or officer by registered or certified mail.[32] Lam has only served the Internal Revenue Service with a copy of the complaint via mail. This is not sufficient service against the United States.

### V. Lam has failed to state a claim on which relief can be granted.

According to the Supreme Court in *Bell Atlantic Corp. v. Twombly*, in the complaint, a plaintiff must state "enough facts to state a claim to relief that is plausible on its face."[33] In *Ashcroft v. Iqbal*, the Supreme Court clarified that a claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[34] While the Court must accept all well-pleaded factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[35] The Court is similarly not obligated "'to accept as true a legal conclusion couched as a factual allegation.'"[36] Accordingly,

---

[32] Fed. R. Civ. P. 4(i)(1).
[33] 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
[34] 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
[35] Id.
[36] Id. (*quoting Twombly, 550 U.S. at 555*).

the inquiry faced by the Court is whether, assuming the veracity of all well-pleaded allegations, the complaint states a plausible claim for relief.[37]

Lam's Libel of Review is comprised principally of vague legal sounding phrases devoid of any applicability to the Plaintiff's interactions with the United States. Perhaps the only factual allegation relevant to the conduct of the United States put forward by the plaintiff is that "[r]ecently GEITHNER has sent a letter threatening a $5K frivolous filing penalty."[38] Plaintiff expounds on this statement by claiming that she has reviewed the citations contained in "GEITHNER's letter" and "[does] not understand how the IRS agent could conclude that redeeming lawful money is a *frivolous* method of filing a tax return."[39] Accordingly, the relevant factual allegations contained in the plaintiff's Libel of Review may be summarized as follows: 1) plaintiff has received a letter indicating that she may be liable for a frivolous filing penalty; and 2) she has reviewed the letter and does not agree with its conclusions.

Plaintiff's threadbare factual allegations are insufficient to establish a facially plausible cause of action. Her Libel of Review should therefore be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In *Travis v. Gable*, the District Court dismissed under Rule 12(b)(6) and 12(b)(1) a similar "Libel of review – common law counterclaim in admiralty – [etc., etc.]" finding the allegations "wholly unsubstantial, frivolous, and without merit."[40]

**VI.  Plaintiff has failed to comply with Rule 8 of the Federal Rules.**

Plaintiff has failed to comply with Rule 8's requirements regarding a short and plain statement of (1) the grounds for the Court's jurisdiction and (2) the claim showing that the pleader is entitled to relief. Rule 8 contemplates that the pleader will provide not only fair notice of the nature of the claim but also the grounds on

---

[37] *Iqbal*, 556 U.S. at 679.
[38] Libel of Review at 3.
[39] Id.
[40] 2007 WL 2492315, *3 (D. Or. 2007).

which it rests.[41] Thus, Rule 8 "'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented[.]'"[42]

Here Lam has failed to provide notice to the Government or the Court of what exactly her claim is or the grounds on which that claim rests. At most, the Government can discern that Lam somehow believes she is exempt from federal and state income taxes, and thus seeks an injunction preventing any future efforts by state and federal authorities to assess and collect said liabilities. However, Lam cites no relevant statutory authority demonstrating a waiver of sovereign immunity necessary to maintain such an action against the United States. Moreover, in describing the underlying grounds for her dispute, Lam has offered the Court little more than legalistic gibberish. The incoherency of Lam's Libel of Review thus prohibits the Government from deciphering and adequately responding to Lam's allegations, whatever they may be.

\\\

---

[41] *See Twombly*, 550 U.S. at 555 n. 3 (*citing* Wright & Miller § 1202, at 94,95)
[42] *Twombly*, 555 U.S. at 555 n. 3 (*quoting* Wright & Miller § 1202, at 94, 95).

## VII  Conclusion

The Court should dismiss the complaint because the Court lacks subject-matter jurisdiction, Plaintiff has not properly served the United States, the complaint fails to state a claim on which relief can be granted, and it violates Rule 8 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

DATED: 11/29/2012

JAMES C. HUGHES
Assistant United States Attorney

Attorneys for Defendant
United States of America

## PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action. I am employed by the Office of the United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7211, Los Angeles, California 90012.

On **November 29, 2012**, I served

United States of America's Memorandum in Support of Its Motion to Dismiss Under Rules 8 and 12 of the Fed.R.Civ.P.

on the person and entity name below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

SEE ATTACHED.

Date of mailing: **November 29, 2012.**

Place of mailing: Los Angeles, California

I declare under penalty of perjury under the laws of the United States of America that the foregoing if true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: **November 29, 2012,** Los Angeles, California.

MARIA LUISA Q. BULLARD

RE: DENISE ELIZABETH V. TIMOTHY FRANZ GEITHNER, et al.

CASE NO. CV12-7719 CAS (VBKx)

## SERVICE LIST

Denise Elizabeth
622 S. Broadway, Suite 5
Redondo Beach, CA 90277

Denise Elizabeth Lam
622 S. Broadway, Suite 5
Redondo Beach, CA 90277