Name: denise elizabeth
Address: c/o 622 S. Broadway #5
Redondo Beach, california
Phone: ___
Fax: ___

~~In Pro Per~~

FILED
CLERK, U.S. DISTRICT COURT
AUG 19 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

~~Plaintiff~~

v.

~~Defendant(s)~~.

CASE NUMBER:

CV12-7719-CAS (VBKx)

Notice

Refusal for Cause Final Notice dated July 31, 2013

CV-127 (09/09)   ~~PLEADING PAGE FOR A SUBSEQUENT DOCUMENT~~



Penalty

8-2-13
8-12-13
8-23-13

| United States Postal Service® Sorry We Missed You! We Deliver for You | | Today's Date 8-12-13 | Sender's Name RS |
|---|---|---|---|
| Item is at: ___ Post Office™ (See back) | Available for Pick-up Date: Time: | | For Redelivery Go to usps.com/redelivery or see reverse |

☐ If checked, you or your agent must be present at time of delivery to sign for item.

Article Number(s): 7161 7617 9284 3097 6806

✓ Letter
___ Large envelope, magazine, catalog, etc.
___ Parcel
___ Restricted Delivery
___ Perishable Item
___ Other:

For Delivery: (Enter total number of items delivered by service type.)
For Notice Left: (Check applicable item)
___ Express Mail®
✓ Certified Mail™ (Must claim within 15 days or article will be returned.)
___ Firm Bill
___ Registered Mail™
___ Insured Mail
___ Return Receipt for Merchandise
___ Delivery Confirmation™
___ Signature Confirmation™

FINAL NOTICE

Notice Left Section
Customer Name and Address: Denise Elizabeth Lam
622 S. Broadway #5
90277

Article Requiring Payment
☐ Postage Due  ☐ COD  ☐ Customs  Amount Due $
✓ Final Notice: Article will be returned to sender on 8-23-13

Delivered By and Date

PS Form 3849, September 2009    usps.com    Delivery Notice/Reminder/Receipt

②



**Department of the Treasury**
**Internal Revenue Service**
ACS SUPPORT
PO BOX 24017
FRESNO, CA 93779-4017



7161 7617 9284 3097 6806

**Date:**
JULY 31, 2013

**Contact Telephone Number:**
TOLL FREE:  1-800-829-7650
BEST TIME TO CALL:
MON - FRI  8:00 AM TO 8:00 PM LOCAL
ASISTENCIA EN ESPANOL 1-800-829-7650

001091.210759.0010.001 3 MB 0.655 2033

DENISE ELIZABETH LAM
622 S BROADWAY APT 5
REDONDO BEACH   CA   90277-4207057

001091

---

Return this cover sheet in the envelope provided so our address appears in the window.

*Refusal for Cause*

FOLD HERE     and return with your reply          FOLD HERE     and return with your reply

Automated Collection System
LT11

ACS Case Reference Number:
3556967590

MFT/TXPD:  55 /201112

Amount Enclosed:$ _____

Internal Revenue Service
ACS SUPPORT
PO BOX 24017
FRESNO, CA 93779-4017

(Certified Letter - Coversheet)(6-2013)



Case 2:12-cv-07719-CAS-VBK   Document 27   Filed 08/19/13   Page 4 of 20   Page ID #:217

WI



**IRS** Department of the Treasury
Internal Revenue Service

ACS SUPPORT
PO BOX 24017
FRESNO, CA 93779-4017

7161761792843097680 6

DENISE ELIZABETH LAM
622 S BROADWAY APT 5
REDONDO BEACH   CA   90277-4207057

001091

Date:
JULY 31, 2013

Taxpayer Identification Number:
XXX-XX-0482        C 01

Case Reference Number:
3556967590

Caller ID:           989392

Contact Telephone Number:
TOLL FREE: 1-800-829-7650
BEST TIME TO CALL:
MON - FRI  8:00 AM TO 8:00 PM LOCAL
ASISTENCIA EN ESPANOL 1-800-829-7650

## CALL IMMEDIATELY TO PREVENT PROPERTY LOSS
## FINAL NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING

**WHY WE ARE SENDING YOU THIS LETTER**

We've written to you before asking you to contact us about your overdue taxes. You haven't responded or paid the amounts you owe. We encourage you to call us immediately at the telephone number listed above to discuss your options for paying these amounts. If you act promptly, we can resolve this matter without taking and selling your property to collect what you owe.

We are authorized to collect overdue taxes by taking, which is called levying, property or rights to property and selling them if necessary. Property includes bank accounts, wages, real estate commissions, business assets, cars and other income and assets.

**WHAT YOU SHOULD DO**

This is your notice, as required under Internal Revenue Code sections 6330 and 6331, that we intend to levy on your property or your rights to property 30 days after the date of this letter unless you take one of these actions:
• Pay the full amount you owe, shown on the back of this letter. When doing so,
    • Please make your check or money order payable to the United States Treasury;
    • Write your social security number and the tax year or employer identification number and the tax period on your payment; and enclose a copy of this letter with your payment.
• Make payment arrangements, such as an installment agreement that allows you to pay off your debt over time.
• Appeal the intended levy on your property by requesting a Collection Due Process hearing within 30 days from the date of this letter.

**WHAT TO DO IF YOU DISAGREE**

If you've paid already or think we haven't credited a payment to your account, please send us proof of that payment. You may also appeal our intended actions as described above.

Even if you request a hearing, please note that we can still file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice that tells your creditors that the government has a right to your current assets and any assets you acquire after we file the lien.

We've enclosed two publications that explain how we collect past due taxes and your collection appeal rights, as required under Internal Revenue Code sections 6330 and 6331. In addition, we've enclosed a form that you can use to request a Collection Due Process hearing.

We look forward to hearing from you immediately, and hope to assist you in fulfilling your responsibility as a taxpayer.

Enclosures: Copy of letter, Form 12153, Publication 594, Publication 1660, Envelope


*617750482103*

Automated Collection System

Letter 1058 (Rev. 05-2002)(LT-11)

*[Handwritten across document: "Refused for cause"]*

Pay By Date:   08-28-2013

| Account Summary | | DENISE ELIZABETH LAM | | | XXX-XX-0482 |
|---|---|---|---|---|---|
| Type of Tax | Period Ending | Assessed Balance | Accrued Interest | Late Payment Penalty | Total |
| CIVPEN | 12-31-2011 | $ 5,000.00 | $ 126.01 | $ 0.00 | $ 5,126.01 |
| | | | | Total Amount Due $ | 5,126.01 |
| Type of Tax | Period Ending | Name of Return | | | |
| | | | | | |

*Rebusal for Cause* (handwritten annotation across form)

Department of the Treasury -- Internal Revenue Service

WI

**IRS** Department of the Treasury
Internal Revenue Service

ACS SUPPORT
PO BOX 24017
FRESNO, CA 93779-4017

71617617928430976806

DENISE ELIZABETH LAM
622 S BROADWAY APT 5
REDONDO BEACH   CA   90277-4207057

001091

Date:
JULY 31, 2013

Taxpayer Identification Number:
XXX-XX-0482         C 01

Case Reference Number:
3556967590

Caller ID:         989392

Contact Telephone Number:
TOLL FREE:  1-800-829-7650
BEST TIME TO CALL:
MON - FRI  8:00 AM TO 8:00 PM LOCAL
ASISTENCIA EN ESPANOL 1-800-829-7650

## CALL IMMEDIATELY TO PREVENT PROPERTY LOSS
## FINAL NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING

### WHY WE ARE SENDING YOU THIS LETTER

We've written to you before asking you to contact us about your overdue taxes. You haven't responded or paid the amounts you owe. We encourage you to call us immediately at the telephone number listed above to discuss your options for paying these amounts. If you act promptly, we can resolve this matter without taking and selling your property to collect what you owe.

We are authorized to collect overdue taxes by taking, which is called levying, property or rights to property and selling them if necessary. Property includes bank accounts, wages, real estate commissions, business assets, cars and other income and assets.

### WHAT YOU SHOULD DO

This is your notice, as required under Internal Revenue Code sections 6330 and 6331, that we intend to levy on your property or your rights to property 30 days after the date of this letter unless you take one of these actions:
  . Pay the full amount you owe, shown on the back of this letter. When doing so,
      . Please make your check or money order payable to the United States Treasury;
      . Write your social security number and the tax year or employer identification number and the tax period on your payment; and <u>enclose a copy of this letter with your payment.</u>
  . Make payment arrangements, such as an installment agreement that allows you to pay off your debt over time.
  . Appeal the intended levy on your property by requesting a Collection Due Process hearing within 30 days from the date of this letter.

### WHAT TO DO IF YOU DISAGREE

If you've paid already or think we haven't credited a payment to your account, please send us proof of that payment. You may also appeal our intended actions as described above.

Even if you request a hearing, please note that we can still file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice that tells your creditors that the government has a right to your current assets and any assets you acquire after we file the lien.

We've enclosed two publications that explain how we collect past due taxes and your collection appeal rights, as required under Internal Revenue Code sections 6330 and 6331.  In addition, we've enclosed a form that you can use to request a Collection Due Process hearing.

We look forward to hearing from you immediately, and hope to assist you in fulfilling your responsibility as a taxpayer.

Enclosures: Copy of letter, Form 12153, Publication 594, Publication 1660, Envelope


*617750482103*

Automated Collection System

Letter 1058 (Rev. 05-2002)(LT-11)



Pay By Date:   08-28-2013

| Account Summary | | DENISE ELIZABETH LAM | | | XXX-XX-0482 |
|---|---|---|---|---|---|
| Type of Tax | Period Ending | Assessed Balance | Accrued Interest | Late Payment Penalty | Total |
| CIVPEN | 12-31-2011 | $ 5,000.00 | $ 126.01 | $ 0.00 | $ 5,126.01 |
| | | | | Total Amount Due $ | 5,126.01 |
| Type of Tax | Period Ending | Name of Return | | | |
| | | | | | |

*[Handwritten across form: "Refusal for Cause"]*

(7)   Department of the Treasury -- Internal Revenue Service

Taxpayer Identification Number:

XXX-XX-0482

Case Reference Number:

3556967590

# *Penalty and Interest*



001091

The penalty and interest charges on your account are explained below. If you want a more detailed explanation of your penalty and interest, please call the telephone number listed on the front of this notice/letter.

**Paying Late - Internal Revenue Code Sections 6651(a)(2), a(3) and (d)(1)**

We charge a late payment penalty of 1/2 percent of the tax owed for each month or part of a month the tax remains unpaid from the due date, up to a maximum of 25 percent of the tax due. The 1/2 percent increases to 1 percent for each subsequent month or part of a month if the tax remains unpaid 10 days after the IRS issues a notice of intent to levy.

**Interest - IRC Section 6601**

We charge interest when your tax is not paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full. Interest is also charged on penalties for late filing, late payment, over or understating valuations, and substantially understating the tax you owe. Interest compounds daily, except on late or underpaid estimated income taxes for individuals or corporations.

Corporate Interest - We charge additional interest of 2 percent if, according to our records, you didn't make your corporate tax (income, employment, excise, etc.) payment within 30 days after we notified you of the underpayment of tax. This interest begins on the 31st day after we notify you of the underpayment on tax amounts you owe over $100,000, minus your timely payments and credits.

# Collection Appeal Rights

You may appeal many IRS collection actions to the IRS Office of Appeals (Appeals). Appeals is separate from and independent of the IRS Collection office that initiated the collection action. Appeals ensures and protects its independence by adhering to a strict policy of prohibiting certain ex parte communications with the IRS Collection office or other IRS offices, such as discussions regarding the strengths or weaknesses of your case. Revenue Procedure 2012-18 has more information about Appeals' independence and ex parte communication and is available at www.IRS.gov.

The two main procedures are **Collection Due Process** and **Collection Appeals Program**. Other procedures are described on page four of this publication and at www.IRS.gov.

**Collection Due Process (CDP)** is available if you receive one of the following notices:
- *Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320*
- *Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing*
- *Notice of Jeopardy Levy and Right of Appeal*
- *Notice of Levy on Your State Tax Refund – Notice of Your Right to a Hearing*
- *Post Levy Collection Due Process (CDP) Notice*

**Collection Appeals Program (CAP)** is available for the following actions:
- *Before or after the IRS files a Notice of Federal Tax Lien*
- *Before or after the IRS levies or seizes your property*
- *Termination, or proposed termination, of an installment agreement*
- *Rejection of an installment agreement*
- *Modification, or proposed modification, of an installment agreement*

CAP generally results in a quicker Appeals decision and is available for a broader range of collection actions. However, you cannot go to court if you disagree with the CAP decision. CAP procedures are described on pages three and four of this publication.

You may represent yourself at CDP, CAP and other Appeals proceedings. Or, you may be represented by an attorney, certified public accountant, or a person enrolled to practice before the IRS. Also, you may be represented by a member of your immediate family, or in the case of a business, by regular full-time employees, general partners or bona fide officers.

A Low Income Taxpayer Clinic (LITC) may represent you if you qualify. LITCs are independent from the IRS and most provide representation before the IRS or in court on audits, tax collection disputes, and other issues for free or for a small fee. Some clinics can provide multilingual information about taxpayer rights and responsibilities. Publication 4134, *Low Income Taxpayer Clinic List*, provides information on clinics in your area and is available at your local IRS office, by calling 1-800-829-3676, or from www.IRS.gov.

If you want your representative to contact us or appear without you and to receive and inspect confidential material, you must file a properly completed Form 2848 (no earlier than 10/2011 revision), *Power of Attorney and Declaration of Representative*. You may also authorize an individual to receive or inspect confidential material but not represent you before the IRS, by filing a Form 8821, *Tax Information Authorization*. These forms are available at your local IRS office, by calling 1-800-829-3676, or from www.IRS.gov.

## HEARING AVAILABLE UNDER COLLECTION DUE PROCESS (CDP)
### For Lien and Levy Notices

By law, you have the right to a CDP hearing when you receive a Notice advising you of this right and you timely postmark a request for a hearing to the address indicated on the Notice. You are limited to one hearing under section 6320 (Notice and opportunity for hearing upon filing of notice of lien) and 6330 (Notice and opportunity for hearing before levy) for each tax assessment within a tax period.

You may contest the CDP determination in the United States Tax Court.

**Lien Notice:** The IRS is required to notify you the first time a Notice of Federal Tax Lien is filed for each tax and period. The IRS must notify you within 5 business days after the lien filing. This notice may be mailed, given to you, or left at your home or office. You then have 30 days, after that 5-day period, to request a hearing with Appeals. The lien notice you receive will indicate the date this 30-day period expires.

**Levy Notice:** For each tax and period, the IRS is required to notify you the first time it collects or intends to collect a tax liability by taking your property or rights to property.

The IRS does this by issuing you a pre-levy or post-levy notice. The notice is mailed, given to you, or left at your home or office. During the 30-day period from the date of the notice, you may request a hearing with Appeals. There are four exceptions to issuing this notice before levy:
1. When collection of the tax is in jeopardy.
2. When the IRS levies your state tax refund.
3. When the criteria for a Disqualified Employment Tax Levy is met.
4. When the IRS serves a federal contractor levy.

You may request a hearing after the levy action in these instances.

If your request for a CDP hearing is not timely, you may request an equivalent hearing. To receive an equivalent hearing, your request must be postmarked on or before the end of the one-year period after the date of the levy notice or on or before the end of the one-year period plus 5 business days after the filing date of the Notice of Federal Tax Lien.

*[Stamped across page: "Refusal for Cause"]*

**How do you request a CDP or equivalent hearing with the Office of Appeals?**

Complete Form 12153, *Request for a Collection Due Process or Equivalent Hearing*, or other written request with the same information and send it to the address shown on your lien or levy notice. To request an equivalent hearing, you must check the Equivalent Hearing box on line 7 of Form 12153, or if you don't use Form 12153 write that you want an equivalent hearing if the CDP hearing request is late. If you received both a lien and a levy notice, you may appeal both actions by checking the boxes on line 6 of Form 12153 or if you don't use Form 12153, you may appeal both actions in one written request. You must identify your alternatives to, or your reasons for disagreeing with, the lien filing or the levy action. Alternatives or reasons for disagreeing may include:

- Collection alternatives such as installment agreement or offer in compromise.
- Subordination or discharge of lien.
- Withdrawal of Notice of Federal Tax Lien.
- Appropriate spousal defenses.
- The existence or amount of the tax, but only if you did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability.
- Collection of the tax liability is causing or will cause an economic or other hardship.

**Note:** You may not raise an issue that was raised and considered at a prior administrative or judicial hearing, if you, or your representative, participated meaningfully in the prior hearing or proceeding. Also, you may not challenge the existence or amount of an assessment made based on court ordered restitution.

Form 12153 is available at your local IRS Office, by calling 1-800-829-3676, or from www.IRS.gov. Include a copy of your lien and/or levy notice. List all taxes and tax periods included on the notice you received for which you are requesting a hearing. You are entitled to only one hearing relating to a lien notice and one hearing relating to a levy notice, for each taxable period. In general, the IRS will deny a hearing request that only raises issues identified by the IRS as frivolous or that are made solely to delay or impede collection. For a nonexclusive listing of issues identified by the IRS as frivolous, see "The Truth About Frivolous Tax Arguments" on www.IRS.gov.

To preserve your right to go to court, you must request a CDP hearing within the time period provided by law. Your request for a CDP hearing must be sent to the address on the lien or levy notice and postmarked on or before the date shown in the lien notice or on or before the 30th day after the date of the levy notice.

Before you formally appeal a lien or levy notice by sending us Form 12153, you may be able to work out a solution with the Collection office that sent the notice. To do so, call the telephone number on the lien or levy notice and explain to the IRS employee listed on the notice or other representative why you disagree with the action.

If a telephone number is not shown on the notice, you can call 1-800-829-1040. This contact, however, does NOT extend the 30-day period to make a written request for a CDP hearing.

**What will happen when you request a CDP or equivalent hearing with the Office of Appeals?**

After you request a hearing, you may still discuss your concerns with the Collection office that sent the lien or levy notice. If you are able to resolve the issues with that office, you may withdraw your request for a hearing. If you are unable to, or do not choose to, resolve the issues with the Collection office, your case will be forwarded immediately to Appeals.

Appeals will contact you to schedule a conference. Your conference may be held by telephone, correspondence, or, if you qualify, in a face-to-face conference at the Appeals office closest to your home, school or place of business. To qualify for a face-to-face conference, you must not raise any issues that are deemed as frivolous or made with a desire solely to delay or impede collection. If you are proposing a collection alternative, it may be necessary for you to submit financial information or tax returns to qualify for a face-to-face conference. The Appeals officer will notify you by letter if you need to take steps to qualify for a face-to-face conference.

Unless one of the exceptions in section 6330(f) applies, for Jeopardy situations, State Income Tax levies, Federal Contractor levies or Disqualified Employment Tax levies, levy action is not permitted for the subject tax and periods during the 30 days after the levy notice and during the timely requested CDP hearing process. Normally, there will be no levy action during the period you have to request a hearing from a lien notice and during the related CDP hearing process.

If your request for a CDP hearing is timely, the 10-year period the IRS has to collect your taxes will be suspended until the date Appeals' determination becomes final or you withdraw your request for a hearing in writing.

At the conclusion of the CDP hearing, Appeals will issue a determination letter unless you have withdrawn your hearing request. If you don't agree with Appeals' determination, you may request judicial review of the determination by petitioning the United States Tax Court within the time period provided for in the Appeals' determination letter. You may not be able to raise issues in the Tax Court if you do not raise them during the Appeals hearing, and the Tax Court may limit the evidence you can present to the evidence you submitted to Appeals during the hearing. You should, therefore, raise all issues and present all evidence during the Appeals hearing, in order to preserve your rights to raise issues and have evidence considered in subsequent court proceedings.

Appeals will retain jurisdiction over its determination. You may return to Appeals if you believe that the Collection function did not carry out Appeals' determination as it was stated or if there is a change in your circumstances that affects Appeals' determination. However, you must first try to work with Collection to resolve the problem.

If your request for a CDP hearing is not timely and you request an equivalent hearing, the law does not prohibit levy and the collection statute is not suspended. Furthermore, you cannot go to court if you disagree with Appeals' decision.

# HEARING AVAILABLE UNDER COLLECTION APPEALS PROGRAM (CAP)
## For Liens, Levies, Seizures and Installment Agreements

The CAP procedure is available under more circumstances than Collection Due Process (CDP). Unlike CDP, you may not challenge in CAP the existence or amount of your tax liability. You also cannot proceed to court if you don't agree with Appeals' decision in your CAP case. Collection actions you may appeal under CAP are:

**Notice of Federal Tax Lien.** You may appeal the proposed filing of a Notice of Federal Tax Lien (NFTL) or the actual filing of an NFTL at the first and each subsequent filing of the NFTL. You may also appeal denied requests to withdraw a NFTL, and denied discharges, subordinations, and non-attachments of a lien.

Third parties may file a CAP appeal regarding the filing of a notice of lien against alter ego or nominee property. There are no CDP rights available for persons determined to be nominees or alter egos. Persons assessed as transferees under Internal Revenue Code (IRC) Section 6901, however, are entitled to CDP rights.

**Notice of Levy.** You may appeal before or after the IRS places a levy on your wages, bank account or other property. Once the levy proceeds have been sent to the IRS, you may also appeal the denial by the IRS of your request to have levied property returned to you. Please note that a request to return levy proceeds must be made within 9 months from the date of such levy. See IRC Section 6343(d). You may also have additional CDP appeal rights. See the preceding information regarding Hearing Available under Collection Due Process.

**Seizure of Property.** You may appeal before or after the IRS makes a seizure but before the property is sold.

**Rejection, Modification or Termination of Installment Agreement.** You may appeal when the IRS rejects your request for an installment agreement. You may also appeal when the IRS proposes to terminate or terminates your installment agreement.

In addition, you may also appeal when the IRS proposes to modify or modifies your installment agreement.

**Wrongful Levy.** If you are not liable for tax and the IRS has levied or seized property that you believe belongs to you or in which you have an interest superior to the IRS, you may appeal the denial by the IRS of your request to release the levy or seizure, or return the property or its value. Please note that a request to the IRS to return wrongfully levied property must be in writing, filed within 9 months of the levy or seizure and must satisfy certain specific requirements. See Publication 4528, Making an Administrative Wrongful Levy Claim Under Internal Revenue Code (IRC) Section 6343(b).

### How do you appeal a lien or levy action if your only collection contact has been a notice or telephone call?

1. Call the IRS at the telephone number shown on your notice or identified by the IRS employee in a prior telephone contact. Be prepared to explain which action(s) you disagree with and why you disagree. You must also offer a solution to your tax problem.

2. If you can't reach an agreement with the employee, tell the employee that you want to appeal his or her decision. The employee must honor your request and will refer you to a manager. The manager will either speak with you then or will return your call within 24 hours.

3. Explain to the manager which action(s) you disagree with and why. The manager will make a decision on the case. If you don't agree with the manager's decision, your case will be forwarded to Appeals for review. You do not have to submit the appeal request in writing.

### How do you appeal a lien, levy or seizure action if you have been contacted by a Revenue Officer?

1. If you disagree with the decision of the Revenue Officer, you must first request a conference with the Collection manager.

2. If you do not resolve your disagreement with the Collection manager, you may submit a written request for Appeals consideration, preferably by completing Form 9423, *Collection Appeal Request*. This form is available at your local IRS office, by calling 1-800-829-3676, or from www.IRS.gov. Check the action(s) you disagree with and explain why you disagree. You must also offer a solution to resolve your tax problem.

3. Submit the Form 9423 to that Collection office.

4. If you request an appeal after the IRS makes a seizure, you must appeal to the Collection manager within 10 business days after the Notice of Seizure is given to you or left at your home or business.

5. You should let the Revenue Officer or manager know within 2 business days after your conference with the Collection manager if you want to appeal under CAP or the IRS will resume collection action. Your Form 9423 must be postmarked within 3 business days after the date of your conference with the Collection manager in order to prevent the resumption of collection action.

6. If you request a conference and are not contacted by a manager or his/her designee within two (2) business days of making the request, you can contact Collection again or submit Form 9423. If you submit Form 9423, note the date of your request for a conference in Block 15 and indicate that you were not contacted by a manager. The Form 9423 should be received or postmarked within four (4) business days of your request for a conference as collection action may resume.

### How do you appeal the denial by the IRS of your request to release or return levied or seized property, if you believed the property was wrongfully levied or seized?

1. If you do not agree with the denial of the request to release or return wrongfully levied/seized property or its value, you must first request a conference with the manager of the Advisory Group denying your request.

2. Call the telephone number on the letter denying your request and explain that you want a conference with the Advisory Group manager.

3. If you do not resolve your disagreement with the Advisory Group manager, you must submit a written request for Appeals consideration, preferably on Form 9423, *Collection Appeal Request*. This form is available at your local IRS office, by calling 1-800-829-3676, or from www.IRS.gov. Check the action you disagree with and explain why you disagree.

4. Submit the completed Form 9423 to the Advisory Group office that denied your request to release or return of wrongfully levied/seized property or its value.

**How do you appeal the rejection of a proposed installment agreement?**

1. Call the telephone number shown on the letter rejecting your proposed installment agreement and explain that you want to appeal the rejection. Your appeal need not be in writing unless the rejection letter was sent by a Revenue Officer, in which case your request for an appeal must be in writing, preferably using Form 9423, *Collection Appeal Request*. While a conference is recommended, you need not have a conference with a Collection manager before appealing the rejection of a proposed installment agreement.

2. Your request for an appeal of the rejection of a proposed installment agreement must be made on or before the 30th day after the date of the rejection letter (the mailing of a written request, including a Form 9423, must be postmarked on or before such day).

**How do you appeal the termination of an installment agreement?**

1. Call the telephone number shown on the notice that indicates that the IRS intends to terminate your installment agreement. If you are unable to resolve the matter, then explain that you want to appeal the termination. Your appeal need not be in writing unless the notice of intent to terminate your installment agreement was sent by a Revenue Officer, in which case your request for an appeal must be in writing, preferably using Form 9423, *Collection Appeal Request*. While a conference is recommended, you need not have a conference with a Collection manager before appealing the termination of an installment agreement.

2. You will have 76 days from the date of the notice of intent to terminate in which to request an appeal. Unless you appeal within 30 days after the date of the notice, or cure your default of the installment agreement, the installment agreement will terminate automatically on the 46th day after the date of the notice. After the 46th day, and the termination of your agreement, your right to appeal will continue for an additional 30 days. Accordingly, your request must be made on or before the 76th day after the date of the notice of intent to terminate (the mailing of a written request, including a Form 9423, must be postmarked on or before such 76th day).

**How do you appeal a proposed modification or modification of an installment agreement?**

The IRS may propose to modify the terms of your installment agreement based on your financial information. If the IRS does not hear from you after proposing to modify your installment agreement, it may proceed to modify your installment agreement. If you are informed that your agreement is being modified or has been modified, you may request an Appeals hearing under CAP procedures. If you wish to file an appeal concerning a proposed modification or modification of your installment agreement, please follow the directions under the section entitled, *"How do you appeal the termination of an installment agreement?"*

**What will happen when you appeal your case?**

**Lien, Levy and Seizure:** Normally, the IRS will not take any action to collect the tax for the tax periods Appeals is considering, unless the IRS believes the collection of the tax is at risk or you are a business meeting the criteria for a Disqualified Employment Tax Levy.

**Installment Agreements: IMPORTANT -** The IRS can't levy until 30 days after the rejection or termination of your agreement. If you appeal within the 30-day period, the IRS will be prohibited from levying until your appeal is completed unless the IRS believes the collection of the tax is in jeopardy.

Once Appeals makes a decision regarding your case, that decision is binding on both you and the IRS. You cannot obtain judicial review of Appeals' decision following a CAP hearing. However, there may be other opportunities to obtain administrative or judicial review of the issue raised in the CAP hearing. For example, a third party may contest a wrongful levy by filing an action in district court. See Publication 4528, *Making an Administrative Wrongful Levy Claim Under Internal Revenue Code (IRC) Section 6343(b)*.

**Note:** Providing false information, failure to provide all pertinent information or fraud will void Appeals' decision.

### APPEAL OF OTHER COLLECTION ACTIONS

You may also appeal other collection actions:

- Rejected Offer in Compromise
- Proposed Trust Fund Recovery Penalty
- Denied Trust Fund Recovery Penalty Claim
- Denied request to abate penalties (i.e., late payment, late filing, or deposit penalties)

To dispute a penalty in Appeals, follow the protest requirements in Publication 5, *Your Appeal Rights and How To Prepare A Protest If You Don't Agree*. Also, the correspondence you receive on these types of cases will explain where you should send your protest.

---

**Help if you are experiencing economic harm...**

The Taxpayer Advocate Service (TAS) helps taxpayers whose problems with the IRS are causing financial difficulties; who have tried but haven't been able to resolve their problems with the IRS; and those who believe an IRS system or procedure is not working as it should. If you believe you are eligible for TAS assistance, you can reach TAS by calling the TAS toll-free number at 1-877-777-4778 or TTY/TDD 1-800-829-4059. For more information, go to www.irs.gov/advocate.

TAS cannot extend the time you have to request a CDP, equivalent or CAP hearing. The timeframes for requesting these hearings are explained in this publication.





Publication 1660 (Rev. 10-2012) Catalog Number 14376Z  Department of the Treasury - **Internal Revenue Service** www.irs.gov

GPO  U. S. GOVERNMENT PRINTING OFFICE: 2012—377-340

*[Handwritten across page: "Refusal for Cause"]*

# Request for a Collection Due Process or Equivalent Hearing

Use this form to request a Collection Due Process (CDP) or equivalent hearing with the IRS Office of Appeals if you have been issued one of the following lien or levy notices:

- Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320,
- Notice of Intent to Levy and Notice of Your Right to a Hearing,
- Notice of Jeopardy Levy and Right of Appeal,
- Notice of Levy on Your State Tax Refund,
- Notice of Levy and Notice of Your Right to a Hearing.

**Complete this form and send it to the address shown on your lien or levy notice.** Include a copy of your lien or levy notice to ensure proper handling of your request.

Call the phone number on the notice or 1-800-829-1040 if you are not sure about the correct address or if you want to fax your request.

> You can find a section explaining the deadline for requesting a Collection Due Process hearing in this form's instructions. If you've missed the deadline for requesting a CDP hearing, you must check line 6 (Equivalent Hearing) to request an equivalent hearing.

*[Handwritten across form: "Refused for Cause"]*

1. Taxpayer Name: (Taxpayer 1) _____
   Taxpayer Identification Number _____
   Current Address _____
   City _____ State _____ Zip Code _____

2. Telephone Number and Best Time to Call During Normal Business Hours
   Home ( ) ___-_____ ☐ am. ☐ pm.
   Work ( ) ___-_____ ☐ am. ☐ pm.
   Cell ( ) ___-_____ ☐ am. ☐ pm.

3. Taxpayer Name: (Taxpayer 2) _____
   Taxpayer Identification Number _____
   Current Address (If Different from Address Above)
   City _____ State _____ Zip Code _____

4. Telephone Number and Best Time to Call During Normal Business Hours
   Home ( ) ___-_____ ☐ am. ☐ pm.
   Work ( ) ___-_____ ☐ am. ☐ pm.
   Cell ( ) ___-_____ ☐ am. ☐ pm.

5. Tax Information as Shown on the Lien or Levy Notice (*If possible, attach a copy of the notice*)

| Type of Tax (Income, Employment, Excise, etc. or Civil Penalty) | Tax Form Number (1040, 941, 720, etc) | Tax Period or Periods |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

Form **12153** (Rev. 3-2012)   Catalog Number 26685D   www.irs.gov   Department of the Treasury - **Internal Revenue Service**

(13)

# Request for a Collection Due Process or Equivalent Hearing

**6. Basis for Hearing Request** (Both boxes can be checked if you have received both a lien and levy notice)

☐ Filed Notice of Federal Tax Lien        ☐ Proposed Levy or Actual Levy

**7. Equivalent Hearing** (See the instructions for more information on Equivalent Hearings)

☐ I would like an Equivalent Hearing - I would like a hearing equivalent to a CDP Hearing if my request for a CDP hearing does not meet the requirements for a timely CDP Hearing.

**8.** Check the most appropriate box for the reason you disagree with the filing of the lien or the levy. **See page 4 of this form for examples.** You can add more pages if you don't have enough space. If, during your CDP Hearing, you think you would like to discuss a Collection Alternative to the action proposed by the Collection function it is recommended you submit a completed Form 433A (Individual) and/or Form 433B (Business) as appropriate, with this form. See www.irs.gov for copies of the forms.

Collection Alternative   ☐ Installment Agreement    ☐ Offer in Compromise    ☐ I Cannot Pay Balance

Lien                     ☐ Subordination           ☐ Discharge              ☐ Withdrawal
Please explain:

My Spouse Is Responsible    ☐ Innocent Spouse Relief (Please attach Form 8857, Request for Innocent Spouse Relief, to your request.)

Other (For examples, see page 4)   ☐

Reason (You must provide a reason for the dispute or your request for a CDP hearing will not be honored. Use as much space as you need to explain the reason for your request. Attach extra pages if necessary.):

*[Handwritten across form: Refusal for Cause]*

**9. Signatures**   I understand the CDP hearing and any subsequent judicial review will suspend the statutory period of limitations for collection action. I also understand my representative or I must sign and date this request before the IRS Office of Appeals can accept it. If you are signing as an officer of a company add your title (president, secretary, etc.) behind your signature.

**SIGN HERE**

| Taxpayer 1's Signature | Date |
|---|---|
| | |

| Taxpayer 2's Signature (if a joint request, both must sign) | Date |
|---|---|
| | |

☐ I request my CDP hearing be held with my authorized representative (attach a copy of Form 2848)

| Authorized Representative's Signature | Authorized Representative's Name | Telephone Number |
|---|---|---|
| | | |

**IRS Use Only**

| IRS Employee (Print) | Employee Telephone Number | IRS Received Date |
|---|---|---|
| | | |

Form **12153** (Rev. 3-2012)    Catalog Number 26685D    www.irs.gov    Department of the Treasury - **Internal Revenue Service**

(14)

# Information You Need To Know When Requesting A Collection Due Process Hearing

## What Is the Deadline for Requesting a Timely Collection Due Process (CDP) Hearing?

- Your request for a CDP hearing about a Federal Tax Lien filing must be postmarked by the date indicated in the *Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320* (lien notice).

- Your request for a CDP hearing about a levy must be postmarked within 30 days after the date of the *Notice of Intent to Levy and Notice of Your Right to a Hearing* (levy notice) or Notice of Your Right to a Hearing After an Actual Levy.

Your timely request for a CDP hearing will prohibit levy action in most cases. A timely request for CDP hearing will also suspend the 10-year period we have, by law, to collect your taxes. Both the prohibition on levy and the suspension of the 10-year period will last until the determination the IRS Office of Appeals makes about your disagreement is final. The amount of time the suspension is in effect will be added to the time remaining in the 10-year period. For example, if the 10-year period is suspended for six months, the time left in the period we have to collect taxes will be extended by six months.

You can go to court to appeal the CDP determination the IRS Office of Appeals makes about your disagreement.

## What Is an Equivalent Hearing?

If you still want a hearing with the IRS Office of Appeals after the deadline for requesting a timely CDP hearing has passed, you can use this form to request an equivalent hearing. **You must check the Equivalent Hearing box on line 7 of the form to request an equivalent hearing. An equivalent hearing request does not prohibit levy or suspend the 10-year period for collecting your taxes; also, you cannot go to court to appeal the IRS Office of Appeals' decision about your disagreement.** You must request an equivalent hearing within the following timeframe:

- Lien Notice-- one year plus five business days from the filing date of the Notice of Federal Tax Lien.
- Levy Notice-- one year from the date of the levy notice.
- Your request for a CDP levy hearing, whether timely or Equivalent, does not prohibit the Service from filing a Notice of Federal Tax Lien.

## Where Should You File Your CDP or Equivalent Hearing Request?

File your request by mail at the address on your lien notice or levy notice. You may also fax your request. Call the telephone number on the lien or levy notice to ask for the fax number. **Do not send your CDP or equivalent hearing request directly to the IRS Office of Appeals, it must be sent to the address on the lien or levy notice.** If you send your request directly to Appeals it may result in your request not being considered a timely request. Depending upon your issue the originating function may contact you in an attempt to resolve the issue(s) raised in your request prior to forwarding your request to Appeals.

## Where Can You Get Help?

You can call the telephone number on the lien or levy notice with your questions about requesting a hearing. The contact person listed on the notice or other representative can access your tax information and answer your questions.

In addition, you may qualify for representation by a low-income taxpayer clinic for free or nominal charge. Our Publication 4134, *Low Income Taxpayer Clinic List*, provides information on clinics in your area.

If you are experiencing economic harm, the Taxpayer Advocate Service (TAS) may be able to help you resolve your problems with the IRS. TAS cannot extend the time you have to request a CDP or equivalent hearing. See Publication 594, *The IRS Collection Process*, or visit www.irs.gov/advocate/index-html. You also can call 1-877-777-4778 for TAS assistance.

**Note–** The IRS Office of Appeals will not consider frivolous requests. You can find examples of frivolous reasons for requesting a hearing or disagreeing with a tax assessment in Publication 2105, *Why do I have to Pay Taxes?*, or at www.irs.gov by typing "frivolous" into the search engine.

> You can get copies of tax forms, schedules, instructions, publications, and notices at www.irs.gov, at your local IRS office, or by calling toll-free *1-800-TAX-FORM (829-3676)*.

*Handwritten overlay: "Refusal for Cause"*



# Information You Need To Know When Requesting A Collection Due Process Hearing

## What Are Examples of Reasons for Requesting a Hearing?

You will have to explain your reason for requesting a hearing when you make your request. Below are examples of reasons for requesting a hearing.

**You want a collection alternative-- "I would like to propose a different way to pay the money I owe."** Common collection alternatives include:

- Full payment-- you pay your taxes by personal check, cashier's check, money order, or credit card.
- Installment Agreement-- you pay your taxes fully or partially by making monthly payments.
- Offer in Compromise-- you offer to make a payment or payments to settle your tax liability for less than the full amount you owe.

**"I cannot pay my taxes."**  Some possible reasons why you cannot pay your taxes are: (1) you have a terminal illness or excessive medical bills; (2) your only source of income is Social Security payments, welfare payments, or unemployment benefit payments; (3) you are unemployed with little or no income; (4) you have reasonable expenses exceeding your income; or (5) you have some other hardship condition. The IRS Office of Appeals may consider freezing collection action until your circumstances improve.  Penalty and interest will continue to accrue on the unpaid balance.

**You want action taken about the filing of the tax lien against your property--** You can get a Federal Tax Lien released if you pay your taxes in full. You also may request a lien subordination, discharge, or withdrawal. See www.irs.gov for more information.

When you request **lien subordination**, you are asking the IRS to make a Federal Tax Lien secondary to a non-IRS lien. For example, you may ask for a subordination of the Federal Tax Lien to get a refinancing mortgage on your house or other real property you own. You would ask to make the Federal Tax Lien secondary to the mortgage, even though the mortgage came after the tax lien filing. The IRS Office of Appeals would consider lien subordination, in this example, if you used the mortgage proceeds to pay your taxes.

When you request a **lien discharge**, you are asking the IRS to remove a Federal Tax Lien from a specific property. For example, you may ask for a discharge of the Federal Tax Lien in order to sell your house if you use all of the sale proceeds to pay your taxes even though the sale proceeds will not fully pay all of the tax you owe.

When you request a **lien withdrawal**, you are asking the IRS to remove the Notice of Federal Tax Lien (NFTL) information from public records because you believe the NFTL should not have been filed. For example, you may ask for a withdrawal of the filing of the NFTL if you believe the IRS filed the NFTL prematurely or did not follow procedures, or you have entered into an installment agreement and the installment agreement does not provide for the filing of the NFTL. A withdrawal does not remove the lien from your IRS records.

**Your spouse is responsible-- "My spouse (or former spouse) is responsible for all or part of the tax liability."** You may believe that your spouse or former spouse is the only one responsible for all or a part of the tax liability. If this is the case, you are requesting a hearing so you can receive relief as an innocent spouse. You should complete and attach Form 8857, *Request for Innocent Spouse Relief*, to your hearing request.

**Other Reasons-- "I am not liable for (I don't owe) all or part of the taxes."** You can raise a disagreement about the amount you owe only if you did not receive a deficiency notice for the liability (a notice explaining why you owe taxes-it gives you the right to challenge in court, within a specific timeframe, the additional tax the IRS says you owe), or if you have not had another prior opportunity to disagree with the amount you owe.

**"I do not believe I should be responsible for penalties."** The IRS Office of Appeals may remove all or part of the penalties if you have a reasonable cause for not paying or not filing on time. See Notice 746, Information About Your Notice, Penalty and Interest for what is reasonable cause for removing penalties.

**"I have already paid all or part of my taxes."** You disagree with the amount the IRS says you haven't paid if you think you have not received credit for payments you have already made.

> See Publication 594, *The IRS Collection Process*, for more information on the following topics:
> **Installment Agreements and Offers in Compromise; Lien Subordination, Discharge, and Withdrawal; Innocent Spouse Relief; Temporarily Delay Collection; and belief that tax bill is wrong.**

Form **12153** (Rev. 3-2012)   Catalog Number 26685D   www.irs.gov    Department of the Treasury - **Internal Revenue Service**

*(handwritten across page: "Refusal for Cause")*



# The IRS Collection Process
## Publication 594

This publication provides a general description of the IRS collection process. The collection process is a series of actions that the IRS can take against you to collect the taxes you owe if you don't voluntarily pay them. The collection process will begin if you don't make your required payments in full and on time, after receiving your bill.

Please keep in mind that this publication is for information only, and may not account for every tax collection scenario. It's also not a technical analysis of tax law.

**If you have questions or need help**
Please visit www.irs.gov/formspubs/ to find all the IRS tax forms and publications mentioned here, or to do a keyword search on any topic.

You can also visit your local IRS office or call the number on your bill. If you don't have a bill, please call:
- 1-800-829-1040 (individuals)
- 1-800-829-4933 (businesses)

**Overview: Filing a tax return, billing, and collection** .......... 2
General steps from billing to collection .......... 2
What you should do when you get an IRS bill .......... 2
Who to contact for help .......... 2

**Ways to pay your taxes** .......... 2
Options for paying in full .......... 2
Options if you can't pay in full now .......... 3
If you need more time to pay .......... 3
How long we have to collect taxes .......... 3
How to appeal an IRS decision .......... 4

**If you don't pay on time: Understanding collection actions** .......... 4

**Collection actions in detail** .......... 4
Federal tax lien .......... 4
Notice of Federal Tax Lien .......... 4
Levy .......... 5
Summons .......... 7

**Information for employers: Collection of employment tax** .......... 8
**Additional information** .......... 8



## Overview:
## Filing a tax return, billing, and collection

After you file your tax return, we'll determine if you owe taxes. If you owe, we'll send a bill for the amount due, including any penalties and interest. You're required to pay this, so if you avoid payment, we can take collection actions to recover your debt. Our goal is always to work with you to resolve your case before we have to take collection actions.

### General steps from billing to collection

**You file your tax return.** Most returns are filed annually (by April 15th) or quarterly.

**1. If you owe taxes, we'll send you a bill.** This is your first bill for tax due. Based on your return, we'll calculate how much tax you owe, plus any interest and penalties.

**2. If you don't pay your first bill, we'll send you at least one more bill.** Remember, interest and penalties continue to accrue until you've paid the full amount due.

**3. If you still don't pay after you receive your final bill, we'll begin collection actions.** Collection actions can range from applying your previous tax year's refund to tax due to seizing your property and assets.



*Rebused for due cause [handwritten annotation]*

### What you should do when you get an IRS bill

**If you agree with the information on the bill,** pay the full amount before the due date. If you can't pay the full amount due, pay as much as you can, and immediately contact us to explain your situation. Based on your ability to pay, we may provide you with alternate payment options.

**If you disagree with the information on the bill,** call the number on the bill, or visit your local IRS office. Be sure to have a copy of the bill and any tax returns, cancelled checks, or other records that will help us understand why you believe your bill is wrong. If we find that you're right, we'll adjust your account and, if necessary, send a revised bill.

**If you don't pay the amount due or tell us why you disagree with it,** we may take collection actions.

**If you're involved in bankruptcy proceedings,** please notify us immediately. The bankruptcy may not eliminate your tax debt, but we may temporarily stop collection. Call the number on your bill or 1-800-973-0424.

## Who to contact for help

**The Internal Revenue Service (IRS)**
Please don't hesitate to contact us with any questions you may have. Call the number on your bill or 1-800-829-1040. You can also visit your local IRS office to speak with an IRS representative in person.

**Taxpayer Advocate Service (TAS)**
The Taxpayer Advocate Service is your voice at the IRS. It helps taxpayers whose problems with the IRS are causing financial difficulties, who have tried but haven't been able to resolve their problems with the IRS, and those who believe an IRS system or procedure is not working as it should. If you believe you're eligible for Taxpayer Advocate Service assistance, call the toll-free number at 1-877-777-4778 or TTY/TDD 1-800-829-4059. For more information, go to www.irs.gov/advocate.

**Low Income Taxpayer Clinics (LITCs)**
Low Income Taxpayer Clinics are independent from the IRS. Some clinics serve individuals whose income is below a certain level and who need to resolve a tax problem. These clinics provide professional representation before the IRS or in court on audits, appeals, tax collection disputes, and other issues for free or for a small fee. Some clinics can provide information about taxpayer rights and responsibilities in many different languages for individuals who speak English as a second language. For more information and to find a clinic near you, see the Low Income Taxpayer Clinics page at www.taxpayeradvocate.irs.gov or Publication 4134, Low Income Taxpayer Clinic List. This publication is also available by calling 1-800-829-3676 or at your local IRS office.

## Ways to pay your taxes

To minimize interest and penalties, we recommend paying your taxes in full. However, if you're unable to pay in full, you can request an Installment Agreement or Offer in Compromise. These payment plans allow you to pay your taxes in installments over time, to pay less than you owe, or both. Keep in mind it's also important to stay current on your payments for future taxes. This means making your estimated tax payments, withholding payments, or federal tax deposits as necessary.

### Options for paying in full

**Pay with electronic funds transfer**
For a convenient, secure way to pay, you can use the Electronic Federal Tax Payment System (EFTPS). To enroll, visit www.eftps.com, or call 1-800-555-4477. For more information, see Publication 966, Electronic Choices to Pay All Your Federal Taxes.

**Pay with your credit or debit card**
For a fee, you can pay by credit or debit card by using an electronic payment service provider. For more information on making a payment using a credit or debit card, visit www.irs.gov/e-pay.

**Pay by mail or in person at a local IRS office**
You can mail a check to us at the address listed on your bill or bring it to your local IRS office. For a listing of offices near you, please visit www.irs.gov/localcontacts/index.html.

## Options if you can't pay in full now

**Apply for an Installment Agreement**
An Installment Agreement with the IRS means that we'll allow you to make smaller periodic payments over time if you can't pay the full amount at once. There are several ways to apply for an Installment Agreement:

- **Online** at www.irs.gov/individuals/article/0,,id=149373,00.html. Only individuals who owe $50,000 or less can apply online.
- **By phone** Please call the number on your bill or 1-800-829-1040.
- **By mail** Please complete Form 9465, Installment Agreement Request, if you owe $25,000 or less. Complete Form 9465-FS, Installment Agreement Request, if you owe more than $25,000. Or you can use Form 2159, Payroll Deduction Agreement. Mail your form to the address on your bill.
- **In person** at your local IRS office.

If you request a payment plan, you can reduce penalties and interest by making voluntary payments according to the proposed plan's terms until you're notified whether we've accepted your payment plan request. Keep in mind that our acceptance of your interim payments doesn't mean we've approved your request. We'll notify you in writing once we've made our decision.

With an Installment Agreement, you can pay by check or direct debit, through payroll deductions, or electronic funds transfer. Keep in mind there's a user fee for Installment Agreements. However, if you meet our low-income guidelines, you can pay a reduced user fee. For more information, see Form 13844, Application for Reduced User Fee for Installment Agreements.

To be eligible for an Installment Agreement, you must file all required tax returns. Prior to approving your Installment Agreement request, we may ask you to complete a Collection Information Statement (Form 433-F, 433-A and/or Form 433-B) and provide proof of your financial status. Please have your financial information available if you apply over the phone or at an IRS office. For more information, see Publication 1854, How to Complete a Collection Information Statement (Form 433-A).

If we approve your request, we'll still charge applicable interest and penalties until you pay the amount or balance due in full, and may file a Notice of Federal Tax Lien (see page 4.) If we reject your Installment Agreement request, you may request that the Office of Appeals review your case. For more information, see Publication 1660, Collection Appeal Rights.

If you're unable to meet the terms of your approved Installment Agreement, please contact us immediately.

**Apply for an Offer in Compromise (OIC)**
You may be eligible for an Offer in Compromise if you can't pay the amount you owe in full or through installments. By requesting an Offer in Compromise, you're asking to settle unpaid taxes for less than the full amount you owe. We may accept an Offer in Compromise if:

- We agree that your tax debt may not be accurate,
- You have insufficient assets and income to pay the amount due, or
- Because of your exceptional circumstances, paying the amount due would cause an economic hardship or would be unjust.

For an Offer in Compromise to be considered, you must pay an application fee and make an initial or periodic payment. However, low income taxpayers may qualify for a waiver of the application fee and initial or periodic payment.

For more information, please see the Low Income Certification on Form 656, Offer in Compromise.

To apply for an Offer in Compromise, complete one of the following forms:

- **Form 656-L, Offer in Compromise (Doubt as to Liability)** Complete this if you think your tax debt isn't accurate.
- **Form 656, Offer in Compromise** Complete this if you're unable to pay the amount due, have an economic hardship, or other special circumstances that would cause paying the amount due to be unjust.

For more information, see Form 656-B, Offer in Compromise Booklet or visit www.irs.gov/individuals/article/0,,id=243822,00.html.

## If you need more time to pay

**Ask that we delay collection**
If you can't pay any of the amount due, you can request that we delay collection until you're able to pay. Prior to approving your request, we may ask you to complete a Collection Information Statement and provide proof of your financial status. Please remember that even if we delay collection, we'll still charge applicable penalties and interest until you pay the full amount, and we may file a Notice of Federal Tax Lien (see page 4). We may also request updated financial information during this temporary delay to review your ability to pay.

## How long we have to collect taxes

We can attempt to collect your taxes up to 10 years from the date they were assessed. However, there are exceptions to this time frame. For example, by law, we'll suspend and extend collection while:

- We're considering your request for an Installment Agreement or Offer in Compromise. If your request is rejected, we'll suspend collection for another 30 days, and during any period the Appeals Office is considering your appeal request.
- You live outside the U.S. continuously for at least 6 months. Collection is suspended while you're outside the U.S. and, if at the time of your return the normal collection period would expire before 6 months from the date of your return, the extended period won't expire before the expiration of the 6 months after your return.

*Released — Lien of date — Cause*



- The tax periods we're collecting on are included in a bankruptcy with an automatic stay. We'll suspend collection for the time period we can't collect because of the automatic stay, plus 6 months.
- You request a Collection Due Process hearing. Collection will be suspended from the date of your request until a Notice of Determination is issued or the Tax Court's decision is final.
- We're considering your request for Innocent Spouse Relief. Collection will be suspended from the date of your request until 90 days after a Notice of Determination is issued, or if you file a timely petition to the Tax Court, until 60 days after the Tax Court's final decision. If you appeal the Tax Court's decision to a U.S. Court of Appeals, the collection period will begin 60 days after the appeal is filed, unless a bond is posted.

## How to appeal an IRS decision

You can appeal most collection actions. Your main options for appeals are the following:

### Collection Due Process (CDP)

The purpose of a Collection Due Process hearing is to review collection actions that were taken or have been proposed. You can request a Collection Due Process hearing if you receive any of the following notices:

- Notice of Federal Tax Lien Filing and Your Right to a Hearing
- Final Notice—Notice of Intent to Levy and Notice of Your Right to a Hearing
- Notice of Jeopardy Levy and Right of Appeal
- Notice of Levy on Your State Tax Refund—Notice of Your Right to a Hearing
- Notice of Levy and of Your Right to a Hearing

To request a Collection Due Process hearing, complete Form 12153, Request for a Collection Due Process or Equivalent Hearing, and send it to the address on your notice. You have 30 days from the date of the notice to request a Collection Due Process hearing. You can also request an Equivalent Hearing within one year from the date of the notice.

### Collection Appeals Program (CAP)

Under the Collections Appeals Program, if you disagree with an IRS employee's decision and want to appeal it, you can ask their manager to review your case. If you then disagree with the manager's decision, you may continue with the Collection Appeals Program as outlined in Publication 1660. Instances in which you can pursue the Collection Appeals Program include, but aren't limited to:

- Before or after we file a Notice of Federal Tax Lien.
- Before or after we seize ("levy") your property.
- After we reject, terminate, or propose to terminate your Installment Agreement (a conference with the manager is recommended, but not required)

For more information about the Collection Due Process and Collection Appeals Program, please see Publication 1660, Collection Appeal Rights.

## If you don't pay on time: Understanding collection actions

There are several words and phrases particular to the collection process. Here, we've defined some of the most commonly used collection terms:

**Federal tax lien:** A legal claim against all your current and future property, such as a house or car, and rights to property, such as wages and bank accounts. The lien automatically comes into existence if you don't pay your amount due after receiving your first bill.

**Notice of Federal Tax Lien (NFTL):** A public notice to creditors. It notifies them that there is a federal tax lien that attaches to all your current and future property and rights to property.

**Levy:** A legal seizure of property or rights to property to satisfy a tax debt. When property is seized ("levied"), it will be sold to help pay your tax debt. If wages or bank accounts are seized, the money will be applied to your tax debt.

**Seizure:** There is no legal difference between a seizure and a levy. Throughout this publication, we'll use both terms interchangeably.

**Notice of Intent to Levy and Notice of Your Right to a Hearing:** Generally, before property is seized, we have to send you this notice. If you don't pay your overdue taxes, make other arrangements to satisfy the tax debt, or request a hearing within 30 days of the date of this notice, we may seize your property.

**Summons:** A summons legally compels you or a third party to meet with the IRS and provide information, documents, or testimony.

## Collection actions in detail

### Federal tax lien: A legal claim against property

A lien is a legal claim against all your current and future property. When you don't pay your first bill for taxes due, a lien is created by law and attaches to your property. It applies to property (such as your home and car) and to any current and future rights you have to property.

### Notice of Federal Tax Lien: Provides public notice to creditors that a lien exists

A Notice of Federal Tax Lien gives public notice to creditors. We file the Notice of Federal Tax Lien so we can establish the priority of our claim versus the claims of other creditors. The Notice of Federal Tax Lien is filed with local or state authorities, such as county registers of deeds or the Secretary of State offices.

If a Notice of Federal Tax Lien is filed against you, it's often reported by consumer credit reporting agencies. This can have a negative effect on your credit rating and make it difficult for you to receive credit (such as a loan or credit card). Employers, landlords, and others may also use this information and not favorably view the fact that a Notice of Federal Tax Lien has been filed against you.

